Mark A Jones C-12452
Name and Prisoner/Booking Number

Sacramento State Prison
Place of Confinement

Po Box 290066
Mailing Address

Represa California 95671
City, State, Zip Code

FILED
DEC 17 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

Mark A Jones, (Full Name of Plaintiff) Plaintiff,

v.

(1) Dr Senogor, (Full Name of Defendant)
(2) San Joaquin County hospital
(3) officer E. Veater,
(4) officer J. Pruitt,
Sgt. Baker Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** 2:17-cv-1422 AC (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☐ Original Complaint
☒ First Amended Complaint
☐ Second Amended Complaint

**A. JURISDICTION**

1. This Court has jurisdiction over this action pursuant to:
   - ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   - ☐ Other: ____________

2. Institution/city where violation occurred: California State Prison, Sacramento

## B. DEFENDANTS

1. Name of first Defendant: Dr M. Senogor. The first Defendant is employed as: Surgeon (Position and Title) at San Joaquin hospital (Institution).

2. Name of second Defendant: San Joaquin hospital The second Defendant is employed as: The hospital (Position and Title) at ______ (Institution).

3. Name of third Defendant: Officer E. Ueater. The third Defendant is employed as: Correctional Officer (Position and Title) at Sacramento State Prison (Institution).

4. Name of fourth Defendant: officer J. Pruitt. The fourth Defendant is employed as: Correctional officer (Position and Title) at Sacramento State Prison (Institution).
   " " Sgt Baker. " "

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes ☐ No

2. If yes, how many lawsuits have you filed? 1. Describe the previous lawsuits:

a. First prior lawsuit:
   1. Parties: Couch v. Mark a Jones
   2. Court and case number: Ninth Circuit. No 12-17484.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) No.

b. Second prior lawsuit:
   1. Parties: ______ v. ______
   2. Court and case number: ______.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ______.

c. Third prior lawsuit:
   1. Parties: ______ v. ______
   2. Court and case number: ______.
   3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) ______.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: Under Color of State Law.

2. **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities ☐ Mail ☐ Access to the court ☒ Medical care
   - ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   - ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   See page 1 and 3 as to the Defendants Doctor M. Sensgor and San Joaquin County Hospital.

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   I was injury after Back Surgery by being discharged Prematurely Causing the Infection bleeding and pain which cause Plaintiff to under go a second Back Surgery.

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim I? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ______.

## CLAIM II

1. State the constitutional or other federal civil right that was violated: under Color of State Law and cruel and Unusual punishment.

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities ☐ Mail ☐ Access to the court ☒ Medical care
   - ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   - ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ______.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

See page 2 and 3 as to the Defendant's officer E. Veater, officer J. Pruitt and Sgt Baker

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
By being transported in a Van thats not Mandated under Plata to transport Medical inmates that just had surgery did or chains on the area where the surgery was done.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☒ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☒ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☒ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ______.

## CLAIM III

1. State the constitutional or other federal civil right that was violated: ________________________________

2. **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
   - ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
   - ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: ________________________.

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

NA

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. ________________________________

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:

Nominal damages in the amount to be determined by the Jury.

Compensatory damages in the amount to be determined by the Jury.

Punitive damages in the amount to be determined by the Jury.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12-12-2018
DATE

Mark A Jones
SIGNATURE OF PLAINTIFF

(Name and title of paralegal, legal assistant, or other person who helped prepare this complaint)

(Signature of attorney, if any)

(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

Plaintiff contends that for Doctor M. Senogor action to discharge Plaintiff Mark a Jones, from San Joaquin hospital on 5-26-2017, soon after Major back Surgery the day before on May 25, 2017.

Physician M. Senogor, act's under color of State Law; When providing Medical service's to Prisoner's.

Physician M. Senogor is a Employee of a private Medical organization Who acts under Color of State law because San Joaquin hospital is under contract with the Prison.

Plaintiff contends that Doctor M. Senogor decision to discharge Plaintiff Mark a Jones on May 26, 2017. See discharge form. was directly the cause of Deliberate Indifference to Plaintiff Mark a Jones, Serious Medical needs As Well as Cruel and Unusual punishment.

Plaintiff Would not of had to Under gone Another back operation or bleed for 14 day's if not for Doctor M. Senogor Prematurely discharging Plaintiff Mark a Jones, Without any recovery time.

Defendant

San Joaquin County Hospital, is the above see page 3 line (1)



1 and 3

Correctional officer J. Pruitt was assigned to transport Plaintiff Mark A Jones, Back to Sacramento State Prison on May 26, 2017.

Plaintiff contends that he was transported in the Middle of night in a Van not fit to transport inmates with recent Surgery done. That the Van he was transported in do not comply with or Meet the Mandated standard of "Plata" a Federal court order.

Plaintiff contends that the night of May 26, 2017 Plaintiff told officer E. Veater and J. Pruitt that he had Major back Surgery did the day before on May 25, 2017 and that "I" could not walk and requested to speak with a Sgt. That request was denied and "I" was told i was leaving one way or another "So to get up".

In Which i could not get up, So both officer's dressed me in bed in a blue jump-suit than put Chain's around My Back causing alot of pain and Bleeding. Than got Plaintiff up and put Plaintiff in a Wheel Chair and took Plaintiff out to a regular Van and put Me into alittle cage within the Van. The ride was painful all the way Back to the institution, i could feel Blood running down my back.

1. defendant Doctor M. Senogor, Employer who over see all Medical decision's.

2. Defendant, Officer E. Veater, is one of the transportion team in page 2 of 2

3. Defendant Sgt Baker, is responsible for the training of the transportation team of officers as to "Plata" all Supervisor should be aware of Federal Law when handling Medical transfer.

(( Declaration of Mark a Jones, ))

I Mark a Jones, declare I am the Plaintiff in this case submitting this declaration I am competent and Willing to testify to all alleged facts within this complaint.

I declare under the penalty of perjury that the forgoing is true and correct.

Dated. Dec , 2018 Mark a Jones

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# THIRD LEVEL APPEAL DECISION

Date: JAN 2 9 2018

In re: Mark Jones, C12452
California State Prison, Sacramento
P.O. Box 29
Represa, CA 95671

TLR Case No.: 1714047 Local Log No.: SAC-17-02536

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner H. Liu, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I APPELLANT'S ARGUMENT:** It is the appellant's position that California State Prison - Sacramento (SAC) is in violation of the Plata Court Order. The appellant asserts he was transported from the San Joaquin General Hospital (SJGH) in a van that was not fit for an inmate with recent surgery. The appellant asserts the van was does not meet Plata mandated standards. The appellant claims as a result of the van being utilized to transport him, his back sutures were reopened and became infected, requiring a second surgery.

The appellant requests information as to why he was transported in the middle of the night subsequent to informing the Transportation Correctional Officers (CO) that he was unable to walk and the chains would cause his back surgery to open and bleed. The appellant further requests information as to why the Transportation COs were not trained of the Plata mandates or why a supervisor did not train the COs regarding medical transfer in accordance with Plata mandates.

**II SECOND LEVEL'S DECISION:** A review of the appellant's Strategic Offender Management System file reflected the appellant was transported back to SAC on May 26, 2017, and processed into the institution on May 27, 2017, at 0016 hours. SAC does not dictate the time of discharge or the length of stay for treatments completed at non-CDCR medical facilities. The appellant's request for information as to why he was transported in the middle of the night subsequent to informing the Transportation COs that he was unable to walk and the chains would cause his back surgery to open and bleed was partially granted, as stated above, the non-CDCR facility dictated the appellant's time of discharge, not the institution.

The appellant's request for information as to why the Transportation COs were not trained of the Plata mandates or why a supervisor did not train the COs regarding medical transfer in accordance with Plata mandates was partially granted. The medical facility completing the discharge orders contacted the facility and indicated the method of transport needed. In review of the discharge orders from SJGH on May 26, 2017, no notation of special transport consideration was noted. Further, the discharge orders were completed at 2015 hours, on May 26, 2017. A review of the logs and Fair Labor Standards Act Sign-In-and-Out Sheets indicated COs E. Veater and J. Pruitt assigned to transport the appellant back to SAC. Based upon the aforementioned, the appeal was partially granted at the Second Level of Review.

**III THIRD LEVEL DECISION:** Appeal is denied.

**A. FINDINGS:** Upon review of the submitted documentations, the Third Level of Review (TLR) has determined that the appellant's issues have been appropriately reviewed and evaluated by the institution. Pursuant to the California Code of Regulations, Title 15, Section (CCR) 3380, the warden or superintendent of an institution of the department is the chief executive officer of that institution, and is responsible for the custody, treatment, training and discipline of all inmates under his or her charge. Pursuant to the CCR 3270, the requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department. The appellant is advised the CDCR and SAC staff make every effort within their authority to provide a safe environment to the inmate population. Based upon this directive, the Warden of SAC makes every effort within his authority to provide a safe and healthful environment

to the inmate population. The examiner finds that the appellant has failed to present medical documentation which indicates as a result of the CDCR equipment being utilized to transport him, his back sutures were reopened and became infected, requiring a second surgery. The appellant is advised to immediately seek medical attention if he feels he has been subjected to illness. Additionally, the examiner finds that the appellant's assertion that the Transportation COs was not trained to conduct medical transport is unsubstantiated. Departmental policy mandates annual In-Service Training, as well as intermittent On-The-Job training when required for all staff. The TLR recognizes the appellant's wishes to be afforded family visiting; he is advised family visiting is a privilege and not a right. After considering the evidence and arguments herein, it has been determined that no relief can be afforded to the appellant at the TLR.

**B. BASIS FOR THE DECISION:**
CCR: 3001, 3004, 3005, 3084.1, 3270, 3380, 3435, 3391

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

H. LIU, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc: Warden, SAC
Appeals Coordinator, SAC

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1



IAB USE ONLY

Institution/Parole Region: Log #: Category:
SAC-HC-17-025369 18

FOR STAFF USE ONLY

You may ... d Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse e... upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.** **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Jones | C-12452 | C8-112 | School |

**State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):**

Being transfer in Violation of Plata

**A. Explain your issue (If you need more space, use Section A of the CDCR 602-A):** On 5-26-17 I was released from San Joaquin General hospital after major back Surgery on 5-25-2017 only to be transfer back to Sacramento State prison in a Van that wasn't

**B. Action requested (If you need more space, use Section B of the CDCR 602-A):** To no why i was moved in the middle of the night after telling the officer that came to transfer me back to the institution that i could not walk and the chain's

**Supporting Documents: Refer to CCR 3084.3.**

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☒ No, I have not attached any supporting documents. Reason: Its all in my medical file

**Inmate/Parolee Signature:** Mark A Jones **Date Submitted:** 7-6-2017

☐ **By placing my initials in this box, I waive my right to receive an interview.**

T A ONLY

CSP-SAC APPEALS RECEIVED 2017 JUL -7

RECEIVED CSP-SAC APPEALS 2017 AUG 21 AM 10:58

RECEIVED CSP-SAC APPEALS 2017 SEP 12

REC BY OOA NOV 14 2017

**C. First Level - Staff Use Only** **Staff – Check One: Is CDCR 602-A Attached?** ☒ Yes ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: ______ Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter) Date: ______
☒ Accepted at the First Level of Review.

Assigned to: ______ Title: ______ Date Assigned: 7/11/17 Date Due: 8/11/17

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: 8/7/17 Interview Location: C FACILITY WATCH OFFICE

Your appeal issue is: ☐ Granted ☒ Granted in Part ☐ Denied ☐ Other: ______

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: J. BAKER (Print Name) Title: Sgt Signature: [signature] Date completed: 8/7/17

Reviewer: B FORSTON (Print Name) Title: A/W Signature: [signature]

Date received by AC: 8/11/17

**AC Use Only**
**Date mailed/delivered to appellant** 8/11/17

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

I am dissatisfied; Sgt Baker is the Sgt thats responsible for the training of the transportation team of officer's, so surly Sgt Baker has a list of what officers go on transportation and where they go" to pick up inmates. I am asking for the name's of the transportation team that came to the hospital and got me the night of May 26, 2017

Inmate/Parolee Signature: Mark A Jones Date Submitted: 8-20-2017

**E. Second Level - Staff Use Only** **Staff – Check One: Is CDCR 602-A Attached?** ☒ Yes ☐ No

This appeal has been:

☐ By-passed at Second Level of Review. Go to Section G.
☒ Rejected (See attached letter for instruction) Date: RKO 8-28-17 Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: D Warner Title: [illegible] Date Assigned: 9/19/17 Date Due: 10-24-17

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: ______ Interview Location: A1 ELR

Your appeal issue is: ☐ Granted ☒ Granted in Part ☐ Denied ☐ Other: ______

See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: D. Warner (Print Name) Title: [illegible] Signature: [signature] Date completed: 10/4/17

Reviewer: D. Baughman (Print Name) Title: Warden Signature: [signature]

Date received by AC: 10/20/17

**AC Use Only**
**Date mailed/delivered to appellant** 10/20/17

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

I am dissatisfied for the reason stated in this 602 and I am exhausting my Administration remedy by sending this to the third level because my back will never be the same because of the Doctor and CDCR action and there refusal to listen to me the night of transportation back to Sacramento Prison

Inmate/Parolee Signature: Mark A Jones Date Submitted: 11-9-17

**G. Third Level - Staff Use Only**

This appeal has been:

☐ Rejected (See attached letter for instruction) Date: ______ Date: ______ Date: ______ Date: ______ Date: ______
☐ Cancelled (See attached letter) Date: ______
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted ☐ Granted in Part ☒ Denied ☐ Other: ______
See attached Third Level response.

**Third Level Use Only**
**Date mailed/delivered to appellant** JAN 31 2018

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

______ Inmate/Parolee Signature: ______ Date: ______

Print Staff Name: ______ Title: ______ Signature: ______ Date: ______

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL FORM ATTACHMENT**

CDCR 602-A (REV. 03/12)

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| 1714047 | SAC-16-17-02536 | | 18 |
| | FOR STAFF USE ONLY | | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded. WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Jones | C-12452 | C8-112 | School |

**A. Continuation of CDCR 602, Section A only (Explain your issue) :** fit to move a prisoner that just had Major surgery. It wasn't a Van that under Plata should be used to move Medical patent from a hospital and cause of this Van my back surgery was reopen and Bleeding and got infected causing me to have another surgery.

**Inmate/Parolee Signature:** Mark a Jones **Date Submitted:** 7-6-2017

RECEIVED 2017 JUL -7 AM 11:17 CSP-SAC APPEALS

RECEIVED 2017 AUG 21 AM 10:58 CSP-SAC APPEALS

RECEIVED 2017 SEP 12 CSP-SAC APPEALS

**B. Continuation of CDCR 602, Section B only (Action requested):** would cause my Back surgery to open back up and Bleed. and why the officer that came to transfer me back to the institution wasn't train on Plata or why there supervisor did not train them on how to handle Medical transfer under Plata.

REC BY OOA

NOV 14 2017

**Inmate/Parolee Signature:** Mark a Jones **Date Submitted:** 7-6-2017

RE: California State Prison-Sacramento (SAC)
First Level Reviewer Response
Appeal Log #: SAC-H-17-02536
Date: August 7, 2017

Inmate: JONES (C-12452)

**APPEAL ISSUE**

ADA

**APPEAL DECISION**

Partially Granted

**APPEAL RESPONSE:**

Associate Warden Health Care Services (AWHCS), Bruce Forsterer reviewed this appeal at the First Level of Review (FLR). Sergeant J. Baker was designated by AWHCS Forsterer to conduct an inquiry into your appeal on his behalf, which included performing any necessary interviews and gathering the facts of this case. All submitted documentation and supporting arguments have been considered. Additionally, a thorough inquiry was conducted regarding the claim presented by you and evaluated in accordance with SAC Operational Procedures (OP), the Department Operations Manual (DOM), and the California Code of Regulations (CCR), Title 15.

**SUMMARY OF APPEAL**

You contend you were transported from San Joaquin General Hospital (SJGH) in a van that was not fit to move a prisoner that just had major surgery. You claim that it was not a van, under Plata, that should be used to move a medical patient from a hospital. You allege that because of this van, your back sutures were reopened and became infected causing the need for a second surgery.

You are requesting to know why you were moved in the middle of the night after telling the transport Officers that you could not walk and the chains would cause your back surgery to open and bleed. You are also requesting to know why the Officers that transported you were not trained in Plata or why a supervisor did not train them on how to handle medical transfer under Plata.

**SUMMARY OF INQUIRY**

The Department's rules regarding this issue are contained in the following Memorandum and DOM section:

- **RESTRICTED DOM 55060.7.5 INSTITUTION INMATE TRANSPORTATION.**
- **CONFIDENTIAL CSP-SACRAMENTO SUPPLEMENT 55060.29 PRISONER TRANSPORT**
- **December 29, 2014 Memorandum signed by Director, Division of Adult Institutions M.D. Stainer titled "Department Operations Manual Supplement Restricted Section 55060.7, Institution Inmate Transportation Policy Language."**

On Monday, August 7, 2017, per CCR, Title 15, Section 3084.7(e) (1) (2) (3) (4), Sergeant Baker conducted an interview with you to provide you an opportunity to fully explain this appeal and to provide any supporting information and/or documentation to support the allegations presented in the appeal. A review of the Test of Adult Basic Education (TABE) list reveals you have a Reading Grade Point Level of 6.8. Sergeant Baker asked if you had any additional information to add to your appeal. You stated you were transported from the prison to

SJGH for back surgery on May 25, 2017 and admitted to the MGU unit at SJGH after surgery. You then claimed that just prior to midnight on May 26, 2017, you were discharged and a transportation team arrived to transport you back to CSP-SAC. You stated that you informed the transportation team, which you could not identify, and the MGU Sergeant that you were not ready to be discharged and the restraints would cause injury to your back. You allege that your concerns were ignored and by the time you reached the institution, your back sutures had opened and you were bleeding. You said that you were treated and returned to the house. You claim that by June 10, 2017, your back had become infected and that you were again sent to SJGH for a second back surgery. You told Sergeant Baker that you understood that this was no fault of the MGU or the transportation Officers and that the Doctor was to blame for the discharge. Sergeant Baker asked you what exactly you were looking for other than an explanation of why everything happened the way it did. You stated that you understood that the departmental employees were just doing the job they were assigned and that you just wanted this incident documented.

Sergeant Baker explained to you that the decision to discharge you was completely the decision of SJGH and had nothing to do with CDCR. The hospital is responsible to notify us if you need to be transported by ambulance or van. The hospital did not feel that you required an ambulance for this particular transport.

Since you were unable to identify any of the CDCR employees involved in this incident, Sergeant Baker is unable to address the Plata training of staff members involved. However, all CDCR Staff are trained in the expectations of the Plata Decision.

Your request to know why you were moved in the middle of the night and why the Officers were not Plata trained is Partially Granted.

**APPEAL DECISION**

For the reasons stated above, your appeal is **PARTIALLY GRANTED**.

Prepared by: Sergeant J. Baker
Correctional Counselor II

Reviewed by: B. FORSTERER
Associate Warden
Health Care Services

cc: Inmate Appeals Unit
ERMS File

**RE** California State Prison-Sacramento (CSP-SAC)
Second Level Reviewer Response
Appeal Log #: SAC-M-17-02536
Date: October 4, 2017
Inmate: JONES, C12452

**APPEAL ISSUE**

LIVING CONDITIONS

**APPEAL DECISION**

Partially Granted

**APPEAL RESPONSE**

Warden David Baughman is the reviewer of this appeal at the Second level of Review (SLR). Correctional Lieutenant D. Matthews was designated by Warden Baughman to conduct an inquiry into your appeal on his behalf, which included performing any necessary interviews and gathering the facts of this case. All submitted documentation and supporting arguments have been considered, including the interview conducted at the First Level of Review (FLR). Additionally, a thorough inquiry was conducted regarding the claim presented by you and evaluated in accordance with CSP-SAC Operational Procedures (OP), the Departmental Operations Manual (DOM), and the California Code of Regulations (CCR), Title 15.

**SUMMARY OF APPEAL**

You claim you were transported from San Joaquin General Hospital (SJGH) in a transportation van that was not designed to transport an inmate who had just had surgery. You claim the van you were transported in was not, under the definition of Plata, designed to move inmates from a hospital who had just had a surgical procedure. You claim that due to this non-Plata van being utilized; your sutures were reopened and the wound became infected, causing you to undergo a second surgery.

You requested the following: To know why you were moved in the middle of the night after telling the officers that came to transport you back to the institution, that you could not walk. To know why chains were used after having major back surgery. To know why a van was utilized that did not meet Plata requirements to move an inmate following a surgery.

**SUMMARY OF INQUIRY**

The Department's rules regarding this issue are contained in the following DOM Section and MEMO:

- **DOM 55060.7.5 RESTRICTED INSTITUTION INMATE TRANSPORTATION**
- **December 29, 2014, Memorandum signed by Director, Division of Adult Institutions M.D. Stainer. Titled DEPARTMENT OPERATIONS MANUAL SUPPLEMENT, RESTRICTED SECTION 55060.7, INSTITUTION INMATE TRANSPORTATION POLICY LANGUAGE**

A review of the Test of Adult Basic Education (TABE) list reveals you have a TABE score of 6.8. Your Developmental Disability Program code is Normal Cognitive Functioning, indicating you do not require adaptive support services. Your Disability Placement Program code is Non-Applicable. You are a participant in the Mental Health Services Delivery System (MHSDS) at the Correctional Clinical Case Management System (CCCMS) level of care. Correctional Sergeant J. Baker noted you spoke English and were able to answer questions related to this appeal at the FLR, where you did not appear to have any difficulty communicating and did not display any misunderstanding of the appeal issues.

On Monday, August 7, 2017, Sergeant Baker conducted an interview with you, giving you the opportunity to fully explain your submitted appeal and to provide any supporting information and/or documentation to support your allegation presented in this appeal. When Sergeant Baker asked if you had any additional information to add to your appeal, you stated you were transported from SAC to SJGH for back surgery and following the surgery, you were admitted to the Medical Guard Unit (MGU), on May 25, 2017. You stated that prior to midnight on May 26, 2017, you were discharged from SJGH and transported back to CSP-SAC. You stated you informed the transport team you were not ready to be discharged and you claimed you told the transport team the restraints would cause injury to your back. You stated your concerns were ignored and by the time you arrived back at SAC, your back sutures had opened and you were bleeding. You stated you were returned to your housing assignment. You stated that by June 10, 2017, your back had become infected and you were returned to SJGH for a second surgery.

On August 8, 2017, you indicated you were dissatisfied with the FLR response, which was completed on August 7, 2017, and stated "Sergeant Baker is responsible for the training of the transportation team of officers, so surely Sgt Baker has a list of what officers go on transportation and where they go to pick up inmates." You stated "I am asking for the names of the transportation team that came to the hospital and got me the night of May 26, 2017."

In reviewing the Strategic Offender Management System, (SOMS) it was noted you were transported back to CSP-SAC on May 26, 2017, and processed into the institution on May 27, 2017, at 00:16 hours. As to the reason you were transported at that hour, CSP-SAC does not dictate to outside medical facilities the time of discharge or the length of stay. Further, the medical facility completing the discharge orders will contact the facility and indicate the method of transport needed. In review of the discharge orders from SJGH on May 26, 2017, no notation of "special transport" consideration was noted. Further, the discharge orders were completed at 20:15 hours, on May 26, 2017. As to your request to know the names of the officers completing the transport returning you to CSP-SAC; in review of the logs and FLSA sign in and out sheets; it indicates Officers E. Veater and J. Pruitt were hired from the facilities to transport you back to CSP-SAC.

**APPEAL DECISION**

For the reasons cited above, your appeal is **PARTIALLY GRANTED.**

DAVID BAUGHMAN
Warden

JM: dm/tl

cc: Inmate Appeals Unit
Central File

Moris Senegor, MD

**SAN JOAQUIN GENERAL HOSPITAL**

**TRANSFER SUMMARY**

PATIENT: JONES, MARK
MR#: 1125983
ADMIT DATE: 05/25/2017
TRANSFERRED DATE: 05/26/2017
LOCATION: DISC
DOB: 02/19/1959

---

DIAGNOSIS: Lumbar stenosis, L2-3, L3-4, L4-5.

HISTORY OF PRESENT ILLNESS: This is a __________-year-old male who presents with a lumbar radiculopathy that features both radicular pain and proximal leg weakness in relationship to tight stenosis at the L2-3, 3-4, 4-5 segments demonstrated on MRI.

This patient was admitted to the hospital on 05/25/2017, and underwent bilateral L2-3, 3-4, and 4-5 laminectomy and foraminotomy procedures uneventfully. Postoperatively, the patient reported satisfactory improvement in radicular symptoms. On the first postoperative day, the patient became ambulatory fairly quickly. On the afternoon of the first postoperative day, the patient developed some chest pain, which was worked up with EKG, cardiology consult, and troponin enzymes. This was all negative.

This patient is now being transferred to his prison in stable condition. Follow up should be provided by me in my prison clinic in 4-6 weeks.

DISCHARGE DIET: Regular.

ACTIVITIES: Ad lib.

MEDICATIONS: Morphine extended release 30 mg q.8 to be adjusted by the prison physician as needed.

WOUND CARE: Dry dressings to be changed p.r.n. Sutures on the lumbar incision should be removed on or about 06/06/2017.

Voice #743686147/Job #685001
D: 05/26/2017 19:55:00
T: 05/26/2017 20:15:00
MS:medq

Moris Senegor, MD



Electronically signed by SENEGOR, MORIS on 2017-05-27 11:40:14

This inmate has one or more Movement Warnings that are active which should be reviewed before attempting to move this inmate.

Name: JONES, MARK A CDC #: C12452 PID #: 11411725

IPTS020A

# External Movements

Wednesday October 04, 2017 11:54:44 AM

**Refresh Inmate Profile** **Prepare To Add**

| Date | Time | Reporting Location | Movement Type | Reason | Other Location |
|---|---|---|---|---|---|
| [illegible] | 21:13 | SAC-Facility C | Returned from Hospital | Returned From Hospital | San Joaquin General Hospital |
| [illegible] 2017 | [illegible]:17 | SAC-Facility C | Out to Hospital / Medical | Released to Hospital / Medical | San Joaquin General Hospital |
| [illegible] | 0[illegible]:27 | SAC-Facility C | Returned from Hospital | Returned From Hospital | San Joaquin General Hospital |
| [illegible]/2017 | 22:52 | SAC-Facility C | Out to Hospital / Medical | Released to Hospital / Medical | San Joaquin General Hospital |
| [illegible] | [illegible]:16 | SAC-Facility C | Returned from Hospital | Returned From Hospital | San Joaquin General Hospital |
| [illegible]/25/2017 | 14:50 | SAC-Facility C | Out to Hospital / Medical | Released to Hospital / Medical | San Joaquin General Hospital |
| [illegible] | 20:[illegible] | SAC-Facility C | Received from another Facility | Bed Assignment (between Facilities) | SAC-Central Service |
| [illegible] | 20:04 | SAC-Central Service | Transferred to Another Facility | Bed Assignment (between Facilities) | SAC-Facility C |
| [illegible] | 14:2[illegible] | SAC-Central Service | Received from another Facility | Permanent Transfer | COR-STRH |
| [illegible] | 08:45 | COR-STRH | Transferred to Another Facility | Permanent Transfer | SAC-Central Service |
| 02/25/[illegible] | 23:29 | COR-STRH | Returned from Hospital | Returned From Hospital | San Joaquin Community Hospital |
| [illegible] | 09:27 | COR-STRH | Out to Hospital / Medical | Released to Hospital / Medical | San Joaquin Community Hospital |
| [illegible] | 10:17 | COR-STRH | Received from another Facility | Bed Assignment (between Facilities) | COR-Facility 03A |
| [illegible] | 10:17 | COR-Facility 03A | Transferred to Another Facility | Bed Assignment (between Facilities) | COR-STRH |
| [illegible] | 03:51 | COR-Facility 03A | Received from another Facility | Bed Assignment (between Facilities) | COR-Central Service |
| 02/23/2017 | 03:51 | COR-Central Service | Transferred to Another Facility | Bed Assignment (between Facilities) | COR-Facility 03A |
| 02/23/2017 | 01:33 | COR-Central Service | Returned from Hospital | Returned From Hospital | San Joaquin Community Hospital |
| [illegible] | 16:10 | COR-Central Service | Out to Hospital / Medical | Released to Hospital / Medical | San Joaquin Community Hospital |
| [illegible] | 13:04 | COR-Central Service | Received from another Facility | Permanent Transfer | SAC-Facility C |
| [illegible] | 06:55 | SAC-Facility C | Transferred to Another Facility | Permanent Transfer | COR-Central Service |

Next Page

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the SECOND Level

*Monday, August 28, 2017*

*JONES, C12452*
*C 008 1012001L*

LIVING CONDITIONS, Other, 08/21/2017
Log Number: SAC-H-17-02536
**(Note: Log numbers are assigned to all appeals for tracking purposes. Your appeal is subject to cancellation for failure to correct noted deficiencies.)**

The enclosed documents are being returned to you for the following reasons:

***Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(16). The appeal issue or complaint emphasis has been changed at some point in the process to the extent that the issue is entirely new, and the required lower levels of review and assessment have thereby been circumvented.***

***INMATE JONES, your appeal is being rejected due to you are attempting to change the appeal issue. You have filled in section "D" requesting a review at the Second Level. You state the reason you are dissatisfied with the First Level Response is that the SGT should know who the transportation officers were, and you state " I am asking for the names of the transportation team that came to the hospital and got me the night of 05/26/2017". That was not part of your aoriginal appeal and therefore cannot be addressed in this appeal. Therefore your appeal is rejected.***

- [ ] C. Lacy, Appeals Coordinator
- [x] J. Abernathy, Appeals Analyst
- [ ] J. Carling, Appeals CCI
- [ ] K. Grotemeyer, Appeals Office Technician
- [ ] C. Burnett, Appeals Coordinator
- [ ] E. Buchmiller, Office Technician

Appeals Coordinator
SAC

9-10-17

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.

appeals Analyst your misunderstanding this 602 It has always been about the two officer that came to transfer me back to the institution, Sgt Baker was the "first one" two make the two officer's name a issue 2+2 is 4 every time. How are you going to hide there names if its partially Granted (over) →

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

**NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED**

**State of California**
**CDC FORM 695**
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

9-10-17

**NOTE:** If you are required to respond/explain to this CDCR Form 695, use only the lines provided below.

See: Brown V. Valoff (9th cir 2005) 422 F.3d 926), also see Espinal V. Goord, 558 F 3d 119, 125-29 (2nd cir 2009) guidelines do not require naming of parties when inmate sufficiently described alleged misconduct

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

**NOTE THIS CDCR 695 IS A PERMANENT APPEAL ATTACHMENT AND IS NOT TO BE REMOVED**

# PROOF OF SERVICE

(C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, Mark a Jones, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

Mark a Jones C-12452
Po Box 290066
Represa Ca
95671

On, 12-12-2018, I served the following documents:

A First amended Complaint

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

1 Clerk of the U.S District court 2.
for the Eastern district of cal.
501 I Street, Room 4-200
Sacramento California
95814

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 12 day of 12 Dec, 2018, at California State Prison - Sacramento, Represa, California.

(Signature) Mark a Jones