UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK A. JONES, | No. 2:17-cv-1422 KJM AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SENOGOR, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is Defendants' motion to dismiss the first amended complaint on the ground that the claims were not exhausted until after the original complaint was filed. ECF No. 37. Plaintiff opposes the motion. ECF No. 38.

I.   Factual and Procedural History

    A.   Original Complaint

Plaintiff filed his original complaint on July 6, 2017,[1] alleging that Defendants Senogor and San Joaquin General Hospital violated his Eighth Amendment rights. ECF No. 1. The complaint alleged that Senogor performed Plaintiff's back surgery at San Joaquin General

---

[1] Since plaintiff is a prisoner proceeding pro se, the filing date is determined according to the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

1

Hospital on May 25, 2017, and that two hours after Plaintiff awoke from surgery, he was forced to walk while heavily sedated. Id. at 3. Plaintiff then suffered chest pains after his pain medication was removed, and he did not receive a response until an hour and a half after notifying a nurse. Id. at 3-4. On either May 26 or May 27, 2017, at 12:30 a.m., a transport team arrived to return Plaintiff to the prison. Id. at 4. During transport, which was authorized by Defendant Senogor, Plaintiff was chained around his back where he just had surgery, causing his wound to re-open and become infected, ultimately leading to another hospitalization and surgery on June 11, 2017. Id. Plaintiff asserted it was cruel and unusual punishment to release a patient hours after surgery when he was unable to move or walk. Id. The complaint was screened and dismissed with leave to amend because Plaintiff did not state cognizable claims against either Senogor or San Joaquin General Hospital. ECF No. 7.

### B. First Amended Complaint

Plaintiff filed the first amended complaint ("FAC") on December 12, 2018. It alleged violations of his Eighth Amendment rights by Defendants Senogor, Veater, Pruitt, Baker, and San Joaquin General Hospital. ECF No. 10. The FAC described the same events addressed in the original complaint, making substantially the same allegations against Defendants Senogor and San Joaquin General Hospital and adding specific allegations against newly-named Defendants Pruitt, Veater, and Baker. Id. at 7-9.

Plaintiff alleged that correctional officers Pruitt and Veater transported him back to the prison in an improper vehicle for transporting a surgical patient, and that when he told them about his surgery they replied he "was leaving one way or another." Id. at 8. Plaintiff alleged that Defendants Pruitt and Veater chained him around his back, where he had just had surgery, causing extreme pain and bleeding. Id. They then used a wheelchair to transport him to and from the van, which caused additional pain and bleeding, and he was in pain the entire way back to the prison. Id. Defendant Baker was alleged to have trained transport officers on the protocols for medical transports. Id. at 9. Attached to the FAC was documentation showing Plaintiff exhausted an administrative appeal related to the allegations against Pruitt, Veater, and Baker on January 29, 2018. Id. at 10-11.

The undersigned screened the FAC and found that Plaintiff had successfully stated an Eighth Amendment claim against Pruitt and Veater, but had once again failed to state cognizable claims against Defendants Senogor and San Joaquin General Hospital. ECF No. 13 at 3-5. Plaintiff also failed to state a cognizable claim against Baker. Id. at 6.

The claims against Senogor, San Joaquin General Hospital, and Baker were ultimately dismissed without leave to amend. ECF No. 24. Accordingly, the case proceeds against Pruitt and Veater only.

II.   Defendants' Motion to Dismiss

Defendants Pruitt and Veater move to dismiss the FAC on the ground that Plaintiff's claims were not administratively exhausted before the original complaint was filed. ECF No. 37. They argue that Plaintiff's exhaustion of his claims prior to amendment of the complaint fails to save them from dismissal as unexhausted, because the claims themselves are not "new" within the meaning of Cano v. Taylor, 739 F.3d 1214 (9th Cir. 2014), or Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010). Id. at 6-7.

Plaintiff opposes the motion on the grounds that his grievance provided the necessary level of detail to satisfy the exhaustion requirement, and that the exhaustion of his administrative remedies between the original and amended complaint was proper under Cano. ECF No. 38.

III.   Legal Standards for Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

Under Rule 12(b)(6), a complaint will be dismissed for failure to state a claim if it makes only "a formulaic recitation of the elements of a cause of action" rather than factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the defendant shows some obvious bar to securing relief on the face of the complaint." ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014) (citations omitted).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), and construe the pleading in the light most favorable to the party opposing the

motion and resolve all doubts in the pleader's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted). The court will "presume that general allegations embrace those specific facts that are necessary to support the claim." Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)). However, while pro se pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (citations omitted), the court need not accept legal conclusions "cast in the form of factual allegations," W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981) (citations omitted).

### IV.     The Administrative Exhaustion Requirement

Because Plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016) (citations omitted). However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, "the defendant in a PLRA case must plead and prove nonexhaustion as an affirmative defense," and it is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1171-72 (9th Cir. 2014) (en banc) (citations omitted). "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Id. at 1166.

A prisoner must exhaust his available administrative remedies for constitutional claims *prior* to asserting them in a civil rights complaint. 42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam). A complaint may be amended to add new

claims so long as the administrative remedies for the new claims are exhausted prior to amendment. Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014); Rhodes v. Robinson, 621 F.3d 1002, 1007 (9th Cir. 2010). However, if a prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion cannot excuse his earlier failure to exhaust. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A prisoner] may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objectives of the statute to let him submit his complaint any earlier than that."); McKinney, 311 F.3d at 1199 ("a prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation.").

When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (citation omitted), overruled on other grounds by Albino, 747 F.3d at 1168-69.

V.     Discussion

It is clear from the face of the First Amended Complaint, and the parties agree, that Plaintiff exhausted all administrative remedies for his claims against Pruitt and Veater on January 29, 2018. ECF No. 10 at 10-11; ECF No. 37 at 3, 5; ECF No. 38 at 2. It is thus undisputed that Plaintiff exhausted his claims after filing the original complaint on July 6, 2017, but before filing the FAC on December 12, 2018.

Defendants argue that because the claims contained in the FAC are the same as those alleged in the original complaint, and arose prior to the initiation of this action, they do not constitute "new" claims that may be added by amendment after post-filing exhaustion. Defendants contend that "a 'new' claim is one that arises after the original complaint is filed." ECF No. 37-1 at 6 (citing Cano, 739 F.3d at 1220; Rhodes, 621 F.3d at 1006-07). While Defendants accurately cite Rhodes for that proposition, they fail to recognize that Cano expanded the availability of post-exhaustion amendment to claims that arose before the original complaint was filed.

////

1         In Rhodes, the Ninth Circuit held that "[t]he PLRA's exhaustion requirement is satisfied
2 so long as [the plaintiff] exhausted his administrative remedies with respect to the new claims
3 asserted in his [amended complaint] before he tendered that complaint to the court for filing."
4 Rhodes, 621 F.3d at 1007.  Under Rhodes, "a prisoner may file an amended complaint and add
5 new claims where the additional cause of action arose *after* the initial filing, as long as he has
6 exhausted administrative remedies as to those additional claims before filing the amended
7 complaint."  Cano, 739 F.3d at 1220 (emphasis added) (citing Rhodes, 621 F.3d at 1007).
8 However, in Cano itself the Ninth Circuit considered a scenario different from that presented in
9 Rhodes: claims that arose *prior* to the filing of the original complaint, were exhausted between
10 the filing of the original complaint and FAC, and were raised for the first time in the FAC.  Cano,
11 739 F.3d at 1220.  In Cano, the court held that "claims that arose as a cause of action *prior* to the
12 filing of the initial complaint may be added to a complaint via an amendment, as long as they are
13 administratively exhausted prior to the amendment."  Id. (emphasis added).  It is Cano, not
14 Rhodes, that governs the instant case.

15         Defendants argue that Plaintiff asserted the "exact same allegations" against them in the
16 FAC as he alleged in the original complaint, and that the claims against them are thus not "new"
17 claims that may be added after exhaustion.  ECF No. 37-1 at 6.  The court is unpersuaded.  First,
18 and most fundamentally, the moving Defendants were not named as defendants in the initial
19 complaint.  This alone distinguishes the instant case from those cited in the moving papers, in
20 which the court found Cano inapplicable because the plaintiff had raised the same claims *against*
21 *the same defendants* in the original and amended complaints.  See O'Neal v. Peterson, No. 2:13-
22 cv-1054 KJN P, 2015 WL 1183593, at *7 n.2, 2015 U.S. Dist. LEXIS 31331, at *17 (E.D. Cal.
23 Mar. 13, 2015) (Cano inapplicable because plaintiff raised the same claims against the same
24 defendants in original complaint); Cochran v. Aguierre, No. 1:15-cv-1092 AWI SAB P, 2017 WL
25 3149585, at *7, 2017 U.S. Dist. LEXIS 116187, at *18 (E.D. Cal. July 25, 2017) (same); Ricks v.
26 Doe, No. 1:10-cv-2256 LJO SKO P, 2015 WL 673035, at *5, 2015 U.S. Dist. LEXIS 18890, at
27 *12 (E.D. Cal. Feb. 17, 2015) (same).
28 ////

In the case at bar, the original complaint named only Senogor and San Joaquin General Hospital as defendants. ECF No. 1. The few allegations that Plaintiff made about his transport were in the context of the appropriateness of Senogor's release order rather than the conduct of the transporting officers. Id. at 4. Moreover, the allegations of the FAC are substantially more specific and detailed than those in the original complaint. The FAC includes additional, specific allegations regarding the conduct of Defendants Pruitt and Veater, including the unfit state of the transport van, their conduct and verbal responses disregarding Plaintiff's concerns, and the injury Plaintiff suffered during the transportation as a result of their disregard for his condition. ECF No. 10 at 8. These are facts alleged for the first time in the FAC, in support of claims against newly added defendants.

This case is analogous to Toscano v. Adam, No. 16-cv-06800-EMC, 2019 WL 2288281, at *11, 2019 U.S. Dist. LEXIS 90077, at *28 (N.D. Cal. May 29, 2019), in which the court applied Cano to find post-exhaustion amendment proper. In Toscano, as here, plaintiff exhausted his claims between the filing of the original complaint and the FAC. The original complaint had included only general allegations about healthcare and did not name the doctor as a defendant, while the FAC named the individual doctor as defendant and made specific claims about the doctor's conduct. Id. Here, the original complaint included only general allegations about transport and did not name the transporting officers as defendants, while the FAC names the officers as defendants and makes specific claims about their conduct. Accordingly, Cano applies.

Because Pruitt and Veater were not named as defendants in the original complaint, and their alleged liability is asserted for the first time in the FAC, the claims against them are "new." Because plaintiff exhausted his claims against Pruitt and Veater prior to adding them by amendment, the exhaustion requirement is satisfied. The motion to dismiss should therefore be denied.

VI. Plain Language Summary of this ORDER for a Pro Se Litigant

The magistrate judge is recommending that Defendants' motion to dismiss be denied, because you added the claims against Pruitt and Veater after you had exhausted your prison appeal about what they did.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss the first amended complaint, ECF No. 37, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE